**Paula Juan CHAVEZ; Esmeralda Chavez Juan; Elena Chavez Juan, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–74886.

United States Court of Appeals, Ninth Circuit.

ed by 9th Cir. R. 36–3.

Submitted Feb. 20, 2007.*

Filed Feb. 27, 2007.

Elsa I. Martinez, Esq., Martinez Goldsby & Associates, Los Angeles, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Jennifer Keeney, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

### MEMORANDUM **

Paula Juan Chavez and her two daughters, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen removal proceedings to apply for adjustment of status. We review for abuse of discretion the denial of a motion to reopen. *See Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying petitioners' motion to re-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

open as untimely because it was not filed until May 9, 2005, more than two years after the BIA issued its final order of removal. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (requiring that motions to reopen be filed within 90 days of the entry of a final administrative order of removal).

 We lack jurisdiction to review petitioners' contentions regarding equitable tolling because, contrary to petitioners' contention, they failed to argue before the BIA that equitable tolling should excuse their untimely filing and thereby failed to exhaust their administrative remedies. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (explaining that this court lacks jurisdiction to review contentions not raised before the agency).

Petitioners further contend the BIA abused its discretion by failing to consider the evidence presented with their motion and by failing to explain its refusal to invoke its *sua sponte* authority to reopen proceedings. We lack jurisdiction to review these contentions because the BIA's decision whether to invoke its *sua sponte* authority is committed to its unfettered discretion. *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir.2002) (internal citations omitted).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**